IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MESA UNDERWRITERS SPECIALTY INSURANCE COMPANY <br><br> *Plaintiff*, <br><br> v. <br><br> ANTHONY GINNS, individually, and *dba* DISTRICT 9 PATROL <br><br><br><br> *Defendants*. | § § § § § § § § § § § § § § § § § § §    Civil Action No. _____ |

### COMPLAINT FOR RESCISSION AND DECLARATORY JUDGMENT

**NOW COMES** Plaintiff Mesa Underwriters Specialty Insurance Company (MUSIC) and files this Complaint for Rescission and Declaratory Judgment, pursuant to 28 U.S.C. §§2201 and 2202, and respectfully shows:

### I. INTRODUCTION

1.1     This is an action seeking determination that a rescission of an insurance policy is proper and for declaratory relief concerning the insurance company's obligations concerning the insurance policy at issue.

### II. PARTIES

2.1     Plaintiff MUSIC is a citizen of the state of New Jersey, being an insurance company formed in New Jersey and having its principal place of business at 40 Wantage Ave., Branchville, New Jersey 07890.

2.2     Defendant Anthony Ginns is an individual residing in Harris County, Texas, and the sole owner of District 9 Patrol, a domestic security company.

### III. JURISDICTION / VENUE

3.1     This is an action pursuant to 28 U.S.C. §2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure for rescission and declaratory relief concerning an insurance policy. MUSIC rescinded an insurance policy issued to Anthony Ginns dba District 9 Patrol and is seeking judicial confirmation of that rescission.

3.2     This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §1332(a)(1) because there is diversity of citizenship among the parties, and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.

3.3     Venue is proper in the United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §1391(b)(2) in that all or a significant part of the acts or omissions giving rise to this claim occurred in this district. Further, Defendant is an individual who resides in this district and the policies were issued to Defendant in this district.

### IV. FACTUAL BACKGROUND AND SUMMARY

4.1     On May 18, 2018, Anthony Ginns began an application with DFA Insurance for commercial general liability (CGL) and umbrella coverage for District 9 Patrol, with a proposed effective date of July 18, 2018, for a one-year period.

4.2     The signature page indicates, "THE UNDERSIGNED IS AN AUTHORIZED REPRESENTATIVE OF THE APPLICANT AND REPRESENTS THAT REASONABLE INQUIRY HAS BEEN MADE TO OBTAIN THE ANSWERS TO QUESTIONS ON THIS APPLICATION. HE/SHE REPRESENTS THAT THE ANSWERS ARE TRUE, CORRECT

AND COMPLETE TO THE BEST OF HIS/HER KNOWLEDGE." Immediately below this statement are two signatures: one for the producer, Launa Vintue, and one for the applicant, Anthony Ginns. The signatures on the application are dated July 16, 2018.

4.3   Also on July 16, 2018, Anthony Ginns signed DFA Insurance's supplemental Security Industry General Liability (E&O) Application for District 9 Patrol, with a proposed effective date of July 18, 2018, for a one-year period.

4.4   In Section 1-General Information of the completed E&O application, Ginns indicated he had been in the security business for three years. When asked about his five largest clients, Ginns indicated only one: "CBRE Real Estate," the services for which he described as "door access/patrol."

4.5   In Section III-Projected Annual Payroll, Ginns estimated Armed [Annual] Payroll of $15,000 for "Industrial (Factories, Warehouses, etc.)," $10,000 for "Office Buildings," and $10,000 for "Retail Stores (Parking Lots, Outside Perimeter)." In the category of "Liquor Establishments (Bars, Taverns, Etc.)," Ginns left that portion of the application blank, generating an estimate of $0/year. Ginns estimated a total Armed Payroll of $35,000 on the application.

4.6   The signature page indicates, "NOTICE TO APPLICANTS: This application must be completed in full as the quote will be based solely on the information provided. Any persons who knowingly and with the intent to defraud any insurance company or other person, files an application for insurance containing false information, or conceals for the purpose of misleading information concerning any fact material thereto, commits a fraudulent act, which is a crime. Be aware of the laws in the states where you operate with regard to the use of firearms and weapons. By signing below, you are verifying that you 1) are aware of, understand and comply with the laws of the states in which you operate and 2) are aware that any claim you submit where an illegal

device was used by you, your employee, or a subcontractor doing work for you may be denied." Below this statement is Anthony Ginns' signature.

4.7 On May 20, 2018, South & Western submitted District 9 Patrol's application information to MUSIC for consideration and a request to quote the coverage, which MUSIC approved the next day.

4.8 In reliance on the information provided in the completed application and supplemental application, MUSIC issued policy number MP00420071671, effective July 18, 2018 to July 18, 2019, to Anthony Ginns dba District 9 Patrol.

4.9 In an inspection and survey conducted August 18, 2018, Midwest Technical Inspections interviewed Anthony Ginns, who indicated that District 9 Patrol provides night security services at commercial locations such as parking lots and night clubs while open for business.

4.10 On August 28, 2018, Amber Eastburn, Underwriting Assistant with South & Western sent a letter to Fred Gardenour, an agent with DFA Insurance Services, concerning the inspection of the insured following his application for insurance coverage. In her letter, Ms. Eastburn noted two discrepancies in the inspection report with the application: 1) with the payroll amount; and 2) that the insured does provide security for night clubs, which was strictly prohibited by the insurer. She also indicated that the failure to promptly address the issue "could result in direct notice of cancellation [of the policy] being issued."

4.11 On August 28, 2018, Fred Gardenour responded, indicating that he had spoken to the insured about the discrepancies. Mr. Gardenour communicated not only the corrected payroll amounts but also indicated that Ginns clarified he did not provide any security or bouncer work

for night clubs. Ginns further indicated that he had been doing that type of work but stopped doing it two years prior and would not do that type of work again.

4.12    Plaintiff relied on Ginns' clarification and allowed the commercial general liability policy issued to Anthony Ginns dba District 9 Patrol, policy number MP00420071671, effective July 18, 2018, to remain in force.

4.13    Unknown to MUSIC, Ginns had entered into an agreement with Club Onyx, XTC North, and XTC South to design and implement a security plan at each of these premises in 2017, prior to applying for insurance coverage with Plaintiff, and had been providing ongoing nighttime armed door security services at these establishments up until November 27, 2018, the purported date of loss.

4.14    On November 27, 2018, Nicholas Esene was shot and killed at a commercial establishment where District 9 Patrol was providing nighttime security services.

4.15    On June 20, 2019, District 9 submitted a General Liability Notice of Occurrence/Claim to MUSIC seeking coverage under the policy for the 11/27/2018 incident.

4.16    On September 9, 2019, MUSIC sent a letter to Anthony Ginns rescinding policy number MP00420071671 and refunding the premium in full. In the rescission letter, MUSIC cited the concealments, false representations, and omissions associated with the insurance application completed by Anthony Ginns that were finally discovered following an investigation into the submitted claim.

## V. RESCISSION

5.1    MUSIC incorporates by reference the allegations of the preceding paragraphs.

5.2    MUSIC is entitled to rescind the policy pursuant to the provisions of Texas Insurance Code, Chapter 705.

5.3     In his application Anthony Ginns indicated that his answers were true, correct and complete to the best of his knowledge and verified that he was aware of, understood, and complied with the laws of this state.

5.4     Anthony Ginns made a representation about the nature of his business and identified his top five clients, but omitted information about one particular client.

5.5     Anthony Ginns' representations about the nature of his business were false, not only by omission of disclosure of his provision of security services to Onyx, XTC North, and XTC South, but also in his purposeful false statements about providing security services of that nature when specifically asked.

5.6     MUSIC relied on such false representations in issuing the policies as well as allowing the policies to remain in force. When MUSIC attempted to clarify unclear information about the nature of his services, Anthony Ginns knowingly and willingly provided false information that would not be discovered until after a potential claim had occurred.

5.7     Anthony Ginns' false representations were material and made with the intent to procure insurance coverage. Had MUSIC known the full extent of security services Anthony Ginns provides through District 9 Patrol, MUSIC would not have issued the policy. Alternatively, if Anthony Ginns had been truthful in responding to the follow-up questions from the DFA Insurance agent in August of 2018, MUSIC would have rescinded or terminated the coverage at that time.

5.8     MUSIC seeks judicial confirmation that the rescission of the District 9 Patrol insurance policy is proper.

## VI. UNDERLYING LAWSUIT

6.1     In December of 2018, Rosella Gadison and Maiya Jackson filed a lawsuit styled *Rosella Gadison, Individually and as Personal Representative of the Estate of Nicholas Esene,*

*and Maiya Jackson as Next Friend of K.E., a Minor, v. RCI Holdings, Inc., RCI Hospitality Holdings, Inc., Trumps, Inc., and US Global Security, Inc.*, Cause No. 2018-90441, pending in the 113th Judicial District Court of Harris County in Harris County, Texas (Underlying Lawsuit).

6.2     The Underlying Lawsuit was brought by Gadison and Jackson against District 9 Patrol and others. In it, Plaintiffs alleges that on November 27, 2018, Nicholas Esene was shot and killed at a commercial establishment where District 9 Patrol was responsible for owning, operating, managing, maintaining, and/or providing security for the premises where Esene was killed.

6.3     Plaintiffs assert a cause of action on the basis of negligence theories.

## VII. DECLARATORY JUDGMENT

7.1     MUSIC incorporates by reference the allegations of the preceding paragraphs.

7.2     MUSIC petitions this Court for a judicial declaration that the District 9 Patrol insurance policy is rescinded, in its entirety, rendering it void, *ab initio*, as to all insureds, such that MUSIC owes no benefits and has no obligations thereunder.

7.3     MUSIC further petitions this Court for a judicial declaration that upon rescission of the insurance policy, there are no remaining obligations for MUSIC to Ginns.

7.4     MUSIC seeks a declaration from this Court that MUSIC has no duty to defend a claim brought against a rescinded policy and likewise owes no indemnity for any liability that may be assessed against Anthony Ginns or District 9 Patrol in the Underlying Suit or otherwise alleged against a rescinded policy.

## VIII. RELIEF SOUGHT

8.1     MUSIC seeks a declaration that the policy is rescinded in its entirety, and void, as to all insureds, and that MUSIC owes no defense to Anthony Ginns and District 9 Patrol, and that

MUSIC owes no indemnity for any liability that may be assessed against Anthony Ginns or District 9 Patrol in the Underlying Lawsuit.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Mesa Underwriters Specialty Insurance Company prays for judgment declaring that the policy is rescinded in its entirety, and that MUSIC owes no duty to defend or indemnify Anthony Ginns dba District 9 Patrol in the Underlying Lawsuit and for such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

TOLLEFSON BRADLEY MITCHELL & MELENDI, LLP

 /s/ Stephen A. Melendi
Stephen A. Melendi – Attorney-in-Charge
State Bar No. 24041468
stephenm@tbmmlaw.com
Matthew Rigney
State Bar No.  24068636
mattr@tbmmlaw.com
2811 McKinney Avenue, Suite 250
Dallas, Texas 75204
Telephone:     214-665-0100
Facsimile:     214-665-0199
**ATTORNEYS FOR PLAINTIFF
MESA UNDERWRITERS SPECIALTY
INSURANCE COMPANY**